No. 73–5868. MORAN *v.* NEFF. C. A. 4th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

The petitioner brought this federal habeas corpus action to challenge his Virginia conviction for possession of controlled drugs with intent to distribute. The District Court granted the writ as to one ground, challenged here by the State in the related matter of *Neff* v. *Moran,* No. 73–660, certiorari denied today (immediately *supra*), but rejected the petitioner's claim that evidence seized in a warrantless search should have been suppressed. The Court of Appeals affirmed in reliance upon the District Court's opinion.

An informer who had given accurate information in the past called State Police Investigator Mitchell concerning the possession and sale of controlled drugs at a

truck-stop motel. He provided Mitchell with a physical description of the petitioner and trailor-tractor rig, the license number of the rig, and the number of petitioner's motel room. Mitchell made no attempt to secure a search warrant based upon this information. Rather, he called three other officers to his home where they arranged a plan whereby Mitchell would present himself to petitioner as a truck driver and attempt to purchase drugs. Two hours later the officers arrived at the motel, but found petitioner's room unoccupied and his truck absent. Soon afterward they saw the described rig on a nearby freeway. Mitchell pulled the truck over and informed petitioner that he had probable cause to believe that he was transporting illegal drugs, and that his vehicle would be searched. Petitioner came down from the rig and a search of his person revealed a vial containing five pills. A subsequent search inside the cab, however, produced a considerable cache of drugs in the glove compartment, a cigar box, a briefcase, and a suitcase, all of which had to be opened by the officers.

Petitioner here does not contest the District Court's conclusion that the officers had probable cause. But "no amount of probable cause can justify a warrantless seizure," Coolidge v. New Hampshire, 403 U. S. 443, 471. The District Court found, however, that there were exigent circumstances justifying the warrantless search, since here there was an "out-of-state truck on a highway leading out of the jurisdiction." The petitioner argues that there were no exigent circumstances precluding the police from securing a warrant in the first instance, before going to the motel room, or after stopping the truck. He draws support from the District Court's own findings. The informer provided the police with no information suggesting that petitioner would soon be leaving the motel, and it was not a perception

of need for immediate action that led the police to choose their course. Rather, the District Court found that "Officer Mitchell admittedly desired to circumvent the warrant process in order to protect his informant's identity." Although the officer's reasoning was erroneous, as there is no requirement that the informer be identified in obtaining a warrant, the District Court concluded that the police were acting "in good faith," so that the "investigative tactics, although dilatory with reference to the procurement of a warrant, were not so unreasonable as to constitute a conscious disregard and avoidance of the warrant process."

But "good faith" cannot under the Fourth Amendment justify a warrantless search. An officer may in good faith believe there is ample probable cause to justify a search, but the Constitution requires that decision to be made by a "neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime," *Johnson* v. *United States,* 333 U. S. 10, 14. Nor can an officer's good-faith belief that no warrant was required render unnecessary a judicial officer's independent determination of whether the search was reasonable under the Fourth Amendment.

Nor can this search be justified as incident to a valid arrest, and the District Court so held, since "Mitchell had no intention of arresting or detaining [petitioner] unless he discovered narcotics within his possession." Thus, this is a simple case, presenting the question of whether a police officer with ample time to secure a warrant may deliberately circumvent this constitutional requirement on the basis of his judgment that the police will be more effective without judicial oversight of his decision to search. My views on the necessity for obtaining a warrant are detailed in my dissenting opinion in

*United States* v. *Matlock, ante,* p. 178, decided this day. On that basis I would grant this petition for certiorari.